**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

USMAN KHAN,
Petitioner,

v. Case No. 8:25-cv-165-KKM-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,
Respondent.

---

**ORDER**

Khan, a Florida prisoner, timely[1] filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the petition, (*id.*), the response in opposition, (Doc. 4), and Khan's reply, (Doc. 6), the petition is denied. Because reasonable jurists would not disagree, Khan is not entitled to a certificate of appealability.

---

[1] A state prisoner has one year from the date his judgment becomes final to file a § 2254 petition. *See* § 2244(d)(1). This one-year limitation period is tolled during the pendency of a properly filed state motion seeking collateral relief. *See* § 2244(d)(2). The judgment and sentence imposed upon revocation of community control were affirmed on August 23, 2019. (Doc. 4-2, Ex. 18.) Khan's judgment became final 90 days later, on November 21, 2019, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). By that time, Khan had already filed a motion to modify his sentence. (Doc. 4-2, Ex. 21.) His motion was denied on February 20, 2020. (Doc. 4-2, Ex. 23.) After 301 days of untolled time, Khan filed his motion for state postconviction relief on December 18, 2020. (Doc. 4-2, Ex. 24.) The motion was pending until the state appellate court's mandate was issued on December 5, 2024. (Doc. 4-2, Ex. 43.) Khan filed his federal habeas petition on January 6, 2025, after another 31 days of untolled time. Because less than one year of untolled time elapsed, Khan's petition is timely.

## I. BACKGROUND

Khan pleaded guilty in state court to unlawfully manufacturing, possessing, or displaying a hoax bomb. (Doc. 45-2, Ex. 3.) In accordance with the plea agreement, the state trial court sentenced Khan to two years of community control followed by two years of probation. (Doc. 45-2, Exs. 3-5.) Khan did not appeal.

Khan's probationary officer filed several affidavits alleging that Khan had violated the terms of community control. (Doc. 4-2, Exs. 6-9.) One of these terms was condition five, which required Khan to "live without violating any law." (Doc. 4-2, Ex. 4.) The officer alleged that Khan had committed two violations of the law: fraud and related activity in connection with identification documents, authentication features, and information, in violation of 18 U.S.C. § 1028, and aiding escape, in violation of Fla. Stat. § 843.12. (Doc. 4-2, Ex. 9.)

After conducting a hearing, the state court found that Khan violated condition five of community control and revoked Khan's community control and probation. (Doc. 4-2, Ex. 10.) The state trial court sentenced Khan to 15 years in prison on the underlying hoax bomb charge. (Doc. 4-2, Exs. 10-13.) The state appellate court per curiam affirmed Khan's sentence. (Doc. 4-2, Ex. 18.)

The state court denied Khan's motion to modify his sentence. (Doc. 4-2, Exs. 21 & 23). The state court also denied Khan's motion for postconviction

relief, filed under Florida Rule of Criminal Procedure 3.850. (Doc. 4-2, Exs. 24-37.) The state appellate court per curiam affirmed the denial of relief. (Doc. 4-2, Ex. 42.)

## II. STANDARD OF REVIEW UNDER SECTION 2254

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The power of the federal courts to grant a writ of habeas corpus setting aside a state prisoner's conviction on a claim that his conviction was obtained in violation of the United States Constitution is strictly circumscribed." *Green v. Sec'y, Dep't of Corr.*, 28 F.4th 1089, 1093 (11th Cir. 2022).

Before proceeding under § 2254, a federal habeas petitioner must exhaust his claims by raising them in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A petitioner must fairly present his claim to each appropriate state court and alert that court to the federal nature of the claim. *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

If a petitioner fails to satisfy this requirement and can no longer present the claim to the state court, "that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). A petitioner shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.*

## III. ANALYSIS

### A. Ground One

Khan argues that trial counsel was ineffective for failing to present mitigating evidence when he was sentenced following the revocation of community control. Khan contends that counsel should have presented evidence that he was actively engaged in ongoing mental health treatment. Khan alleges that this mental health treatment was court-ordered and that counsel could have found information about it in his case file.

A criminal defendant has a Sixth Amendment right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Because Khan faced prison upon the revocation of community control, the revocation proceedings invoked this right. *See Glover v. United States*, 531 U.S. 198, 203 (2001) (stating that "any amount of actual jail time has Sixth Amendment significance").

Respondent contends that Khan's claim of ineffective assistance of trial counsel is procedurally defaulted because Khan did not raise it in state court. The doctrine of procedural default "extends not only to broad legal theories of relief, but also the specific assertions of fact that might support relief." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004). Therefore, "petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts." *Id.*

Khan alleges that he presented this claim to the state court in ground four of his second amended motion for postconviction relief. There, Khan argued that at his post-revocation sentencing, counsel should have called a forensic psychiatrist who had concluded that Khan "was delusional at the time of his commission of the hoax bomb incident." (Doc. 4-2, Ex. 28, p. 18.) Khan argued that, if counsel had presented this expert testimony as mitigation, he

would have received a lesser prison sentence following the revocation of community control. (*Id.*)

The ineffective assistance claims in Khan's § 2254 petition and in his state court postconviction proceeding both allege counsel's failure to present mental health mitigation when Khan was sentenced to prison. But the allegations involve distinguishable instances of ineffective assistance of counsel. Khan's state postconviction claim concerned the presentation of expert testimony about his delusional state of mind at the time he committed the hoax bomb offense. Khan's federal habeas claim involves the presentation of evidence of Khan's ongoing mental health treatment at the time the state court revoked his community control and sentenced him to prison. These two categories of mental health mitigating evidence differ in substance and in their temporal relation to Khan's sentencing. Accordingly, the allegation of ineffective assistance raised in Khan's federal habeas petition was not fairly presented to the state court in Khan's postconviction motion and is thus procedurally defaulted.

Khan alternatively contends that the question of counsel's failure to present evidence of ongoing mental health treatment was presented at the postconviction evidentiary hearing through counsel's testimony. But Khan's counsel was not asked about and did not address his alleged failure to present

mitigating evidence about Khan's ongoing mental health treatment. (Doc. 4-2, Ex. 32, pp. 71-90.)

Thus, Khan did not satisfy the requirement that he bring his claim in state court before raising it in his federal habeas petition. Despite Khan's failure to present this claim in state court, it is exhausted. Khan cannot return to state court to raise the claim in an untimely and successive postconviction motion. *See* Fla. R. Crim. P. 3.850(b), (j). And state-court remedies are exhausted "when they are no longer available, regardless of the reason for the unavailability." *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022) (quoting *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006)).

But Khan's claim is procedurally defaulted because it was "not presented to the state courts 'consistent with [the State's] own procedural rules,'" specifically, Florida's established procedures for challenging trial counsel's performance in a postconviction proceeding. *Ramirez*, 596 U.S. at 378 (quoting *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)); *see Seibert v. State*, 64 So.3d 67, 77 (Fla. 2010). Khan does not show that an exception applies to excuse the default. *See id*. Accordingly, the claim in Ground One is barred from federal habeas review.

**B. Grounds Two and Three**

In Grounds Two and Three, Khan alleges that the state court erred in finding that he violated community control by failing to live without violating

any law. Ground Two concerns the trial court's finding that Khan violated Fla. Stat. § 843.12 by aiding escape. Ground Three concerns the trial court's finding that Khan violated 18 U.S.C. § 1028 by committing fraud and related activity in connection with identification documents, authentication features, and information. At the revocation hearing, the State explained that these two violations were related, alleging that Khan possessed false documents purporting to be from the United States Marshals Service for the purpose of trying to secure his friend's release from a state prison. (Doc. 4-2, Ex. 10, pp. 125-26.)

Khan does not assert that the state court's alleged errors violated his federal rights. Therefore, these claims are not cognizable on federal habeas review. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (stating that "a habeas petition grounded on issues of state law provides no basis for habeas relief").

Even liberally construing Khan's petition as raising a federal due process argument, he is not entitled to relief. As Respondent contends, any federal claims in Grounds Two and Three are procedurally defaulted. On appeal, Khan challenged the state trial court's findings that he violated community control. But Khan did not allege that the state trial court's error deprived him of his federal rights. (Doc. 4-2, Ex. 15, pp. 15-34.) He argued that the State failed to meet its burden of proving a violation of community control under Florida law.

(*Id.*); *see Kegler v. State*, 313 So. 3d 824, 827 (Fla. 2d DCA 2021) ("The State has the burden to prove a violation of community control by the greater weight of the evidence."). Thus, Khan argued, the state trial court erred in relying on this evidence to find him in violation of community control.

Because Khan cannot return to state court to raise his federal due process claims in an untimely and successive appeal, *see* Fla. R. App. P. 9.140(b)(3), any federal claims are considered exhausted. *Ramirez*, 596 U.S. at 378. But Khan's failure to bring the claims in accordance with Florida's established procedures, which require trial court error claims to be brought on direct appeal, results in the claims' procedural default. *Id.*; *see Seibert*, 64 So.3d at 77. Khan has not shown that an exception applies to excuse the procedural default. Grounds Two and Three are barred from federal habeas review.

## IV. CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Khan has not made the requisite showing. Finally, because Khan is not entitled to a COA, he is not entitled to appeal in forma pauperis.

It is therefore **ORDERED** that Khan's Petition for Writ of Habeas Corpus, (Doc. 1), is **DENIED**. The **CLERK** is directed to enter judgment against Khan and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on September 4, 2026.

Kathryn Kimball Mizelle
United States District Judge